CLARK SEEGMILLER. ESQ.
Nevada Bar No. 3873
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
T: 702.444.4444
F: 702.444.4455
E: Clark@RichardHarrisLaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| RICHARD O'BRINGER, Individually, | 2:23-cv-00100-RFB-EJY |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER ALLOWING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT** |
| PROGRESSIVE CASUALTY INSURANCE COMPANY dba PROGRESSIVE; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive; jointly and severally, | |
| Defendants. | |

WHEREAS on October 11, 2022, Plaintiff RICHARD O'BRINGER ("Plaintiff") filed his Complaint in this action asserting claims for Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Unjust Enrichment, and Breach of Nevada Unfair Claims Practice Act, against PROGRESSIVE CASUALTY INSURANCE COMPANY (Defendant").

WHEREAS Plaintiff seeks to file his First Amended Complaint which removes the claims for Unjust Enrichment and revises the claim for Breach of Nevada Unfair Claims Practice Act into a claim for Violation of Nevada Trade Practice Act.

WHEREAS a copy of Plaintiff's ~~proposed~~ First Amended Complaint is attached hereto as **Exhibit "A."**

IT IS HEREBY STIPULATED by and between Plaintiff and Defendant, through their respective counsel, that:

Page 1 of 2

1. Plaintiff should be granted leave to amend to file his First Amended Complaint, a copy of which is attached hereto as **Exhibit "A."**

2. Defendant's responsive pleading shall be due thirty (30) days after the First Amended Complaint is filed.

DATED this 9th day of November 2023.

RICHARD HARRIS LAW FIRM

/s/ Clark Seegmiller, Esq.
CLARK SEEGMILLER, ESQ.
Nevada Bar No. 3873
801 South Fourth Street
Las Vegas, Nevada 89101
P: (702) 444-4444
E: Clark@RichardHarrisLaw.com
Attorneys for Plaintiff

DATED this 13th day of November 2023.

BARRON & PRUITT, LLP

/s/ William H. Pruitt
WILLIAM H. PRUITT, ESQ.
Nevada Bar No. 6783
JOSEPH R. MESERVY, ESQ.
Nevada Bar No. 14088
3890 West Ann Road
North Las Vegas, Nevada 89031
P: (702) 870-3940
E: bpruitt@lvnvlaw.com
Attorneys for Defendant

## ORDER

The Court having reviewed the foregoing Stipulation, and good cause appearing therefore:

**IT IS HEREBY ORDERED** that Plaintiff, RICHARD O'BRINGER is granted leave to amend to file his First Amended Complaint, a copy of which is attached hereto as **Exhibit "A."**

**IT IS ALSO ORDERED** that Defendant's responsive pleading shall be due thirty (30) days after the First Amended Complaint is filed.

**IT IS FURTHER ORDERED** that the First Amended Complaint is deemed filed as of the date this Order is transmitted via the CM/ECF system.

IT IS SO ORDERED.

DATED: November 13, 2023

_____
U.S. MAGISTRATE JUDGE

MaryAnn Dillard <MDillard@lvnvlaw.com>
Mon 11/13/2023 1:21 PM
To: Mysty D. Langford <mlangford@richardharrislaw.com>
Cc: Bill Pruitt <BPruitt@lvnvlaw.com>; Clark Seegmiller <clark@richardharrislaw.com>

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Mysty: Bill has one minor changes to the SAO allowing Plaintiff to File First Amended Complaint - on page 2 of the SAO on line one, "her" should be changed to "his".

Once you have made that change, you may use his e-signature on the document. Let me know if there are any questions. Thanks,

**MaryAnn Dillard | Paralegal**
barronpruitt.com | mdillard@lvnvlaw.com
**p** 702.870.3940 | **f** 702.870.3950
3890 West Ann Road
North Las Vegas NV 89031

---

**From:** MaryAnn Dillard
**Sent:** Thursday, November 9, 2023 1:34 PM
**To:** 'Mysty D. Langford' <mlangford@richardharrislaw.com>
**Cc:** Bill Pruitt <BPruitt@lvnvlaw.com>; Clark Seegmiller <clark@richardharrislaw.com>
**Subject:** RE: Obringer v. Progressive

Received. Thanks,

**MaryAnn Dillard | Paralegal**
barronpruitt.com | mdillard@lvnvlaw.com
**p** 702.870.3940 | **f** 702.870.3950
3890 West Ann Road
North Las Vegas NV 89031

---

**From:** Mysty D. Langford [mailto:mlangford@richardharrislaw.com]
**Sent:** Thursday, November 9, 2023 1:30 PM
**To:** MaryAnn Dillard <MDillard@lvnvlaw.com>
**Cc:** Bill Pruitt <BPruitt@lvnvlaw.com>; Clark Seegmiller <clark@richardharrislaw.com>
**Subject:** Re: Obringer v. Progressive

Good afternoon,

Attached please find the Stipulation to File First Amended Complaint.

**Mysty D. Langford**
Litigation Paralegal to Clark Seegmiller, Esq.
**Direct Dial:** 702.444.4367

**EXHIBIT "A"**

1  **COMP**
CLARK SEEGMILLER. ESQ.
2  Nevada Bar No. 3873
**RICHARD HARRIS LAW FIRM**
3  801 South Fourth Street
Las Vegas, Nevada 89101
4  T: 702.444.4444
F: 702.444.4455
5  E: Clark@RichardHarrisLaw.com
Attorneys for Plaintiff
6

7  **UNITED STATES DISTRICT COURT**

8  **DISTRICT OF NEVADA**

9  RICHARD O'BRINGER, individually,        2:23-cv-00100-RFB-EJY

10                 Plaintiff,

11       v.

12  PROGESSIVE CASUALTY INSURANCE          **FIRT AMENDED COMPLAINT**
    COMPANY dba PROGRESSIVE, DOES I
13  THROUGH X, INCLUSIVE, AND ROE
    BUSINESS ENTITIES I through X
14  INCLUSIVE, jointly and severally,

15                 Defendants.

16

17       COMES NOW, Plaintiff RICHARD O'BRINGER, individually, by and through his attorney

18  of record CLARK SEEGMILLER, ESQ., of the RICHARD HARRIS LAW FIRM, and complains

19  and alleges against the Defendants, and each of them, as follows:

20                              **I. <u>PARTIES</u>**

21       1.   Plaintiff, RICHARD O'BRINGER, individually (hereinafter referred to as

22  ("Plaintiff") was and is at all times referenced herein, a resident of the County of Clark, State of

23  Nevada.

24       2.   Based upon information and belief, Plaintiff hereby alleges that at all times referenced

25  herein, Defendant, PROGRESSIVE CASUALTY INSURANCE COMPANY dba PROGRESSIVE

26  (hereinafter referred to as "PROGRESSIVE") was and is an insurance company duly licensed in

27  Nevada and doing business in the County of Clark, State of Nevada.

28

3. The true names and capacities of the Defendants designated herein as Doe I through X, inclusive, or Roe Business Entities I through X, inclusive are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

4. That at all times pertinent hereto, Defendants, and each of them, were agents, servants, employees or joint venturers of every other Defendant named herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

## II. JURISDICTION AND VENUE

5. This is an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

6. Venue is proper in this Court because the incident giving rise to this lawsuit occurred in Clark County, Nevada, and all acts complained of herein occurred in the state of Nevada.

## III. FACTUAL ALLEGATIONS

**A. The Motor Vehicle Collision**

7. That on October 10, 2020, Plaintiff was traveling near the intersection of W. Sunset Road and South Roy Horn Way, both of which thoroughfares are located in Clark County Nevada.

8. That on October 10, 2020, in Clark County, Nevada, Plaintiff was traveling through the stated intersection on a green light when a non-party driver ran a red light, striking Plaintiff's automobile in the side.

9. The non-party driver was cited by the Nevada Highway Patrol for failure to obey a red traffic signal, a violation of NRS 484B.307.

10. As a result of the October 10, 2020, motor vehicle collision, Plaintiff sustained severe bodily injuries.

11. On or about October 15, 2020, after enduring five days of pain, Plaintiff sought medical care for pain and swelling to his wrist, fingers and hand, low back, thigh, arms and neck. His pain was extensive, which inhibited both his ability to perform his work duties as well as everyday functions of life.

12.     Plaintiff's injuries and ongoing pain led to a surgical recommendation with a cost estimate of $792,065.00.

13.     At all relevant times, the non-party driver had a policy of liability insurance also through Progressive Insurance, which provided liability limits of $50,000.00 per person and $100,000.00 per occurrence.

14.     On or about November 16, 2021, the policy limits of $50,000.00 affording coverage on behalf of the non-party driver were tendered after Plaintiff provided his medical records demonstrating the extent and severity of the injuries he suffered as a result of the October 10, 2020 collision. This liability claim was handled by Progressive adjuster, "Laura."

**B.  Progressive's Handling of Plaintiff's Underinsured Motorist Claim**

15.     At the time of the subject collision, Plaintiff had uninsured/underinsured motorist coverage with Defendant PROGRESSIVE in the amount of $300,000.00 per person and $500,000.00 per incident.

16.     The uninsured/underinsured motorist policy was in full force and effect at the time of the October 10, 2020, motor vehicle collision.

17.     On October 14, 2021, Plaintiff faxed and mailed his UIM demand letter to Defendant PROGRESSIVE, to the attention of adjuster, "Debi".

18.     Pursuant to Plaintiff's demand letter, PROGRESSIVE was given 30 days, up to and including November 12, 2021, to tender their policy limits.

19.     PROGRESSIVE mailed a response to the demand letter on October 20, 2021, asserted a need for medical records back to 2013 in order to "set a baseline for Plaintiff's condition at the time of the accident and address any pre-existing or apportionment issues."

20.     On October 25, 2021, Plaintiff's counsel acknowledged the request for prior medical records and provided additional photographic evidence regarding the extent of property damage.

21.     On October 26, 2021, PROGRESSIVE adjuster "Debi" reasserted an intent to determine a baseline condition of Plaintiff in order to "reasonably evaluate the claim."



22. On November 10, 2021, Plaintiff's counsel provided the requested prior medical records, reiterated the Policy Limits Demand and established a deadline of fourteen days, up to and including November 24, 2021.

23. PROGRESSIVE adjuster "Debi" acknowledged receipt of the prior medical records on November 10, 2021, but expressed concern regarding a 2013 automobile accident involving Plaintiff.

24. On November 11, 2021, Plaintiff's counsel advised PROGRESSIVE adjuster "Debi" that there were no records for the 2013 incident because Plaintiff had not suffered any injury.

25. Rather than respond to Plaintiff's settlement demand, on or about November 29, 2021, PROGRESSIVE hired counsel to represent its interest against Plaintiff.

26. On or about January 4, 2022, PROGRESSIVE requested that Plaintiff submit to an Examination Under Oath (EUO) and to provide HIPAA authorizations for PROGRESSIVE to search for additional prior medical records it believed related to, among other things, the automobile accident occurring more than 8 years prior in 2013.

27. On January 19, 2022, following Plaintiff's indication of his cooperation, PROGRESSIVE scheduled the EUO for July 28, 2022.

28. On January 20, 2022, Plaintiff provided executed HIPAA authorizations to PROGRESSIVE.

29. On July 12, 2022, PROGRESSIVE confirmed rescheduling of the EUO to August 18, 2022.

30. On September 28, 2022, PROGRESSIVE confirmed rescheduling of the EUO to October 13, 2022.

31. On November 14, 2022, almost one year after the expiration of Plaintiff's extension of time to respond to the UIM demand, PROGRESSIVE extended a settlement offer of $25,000.00. despite the fact that his future care is more than thirty times that amount.

32. Upon information and belief, PROGRESSIVE never attempted to hire a medical expert to review Plaintiff's respective medical records and bills submitted with his policy limits demand as part of its investigation and evaluation of Plaintiff's underinsured motorist claim.

33. PROGRESSIVE never attempted to request Plaintiff to undergo a medical examination as part of its investigation and evaluation of Plaintiff's underinsured motorist claim.

34. PROGRESSIVE finally conducted an EUO almost 10 months after Plaintiff's agreement, during which Plaintiff provided complete information regarding an accident 11 years prior in which he received emergency care and physical therapy, an accident almost 8 years prior in which he was not injured, and an accident 4 years prior from which Plaintiff testified he had significantly improved, and returned to his usual activities and usual level of work.

35. PROGRESSIVE possessed no medical or factual basis to reject Plaintiff's past medical expenses incurred and future medical expenses related to the injuries suffered as a result of the4 October 10, 2020 motor vehicle collision.

36. As a result, Plaintiff rejected the offer made by Defendant PROGRESSIVE to settle his underinsured motorist claim for the sum found in paragraph 31 of this First Amended Complaint.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

37. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 36 of the First Amended Complaint as though fully set forth herein and further alleges:

38. That Plaintiff and Defendant PROGRESSIVE, and each of them, were bound by a contractual relationship pursuant to the issued policy of insurance, therefore, legal principles applicable to contracts are also applicable to insurance policies.

39. At the time of the subject motor vehicle collision, all premiums were paid under Plaintiff's insurance policy issued by PROGRESSIVE. All proofs of loss were submitted under said policy and Plaintiff performed all conditions required by the policy to be performed. Plaintiff is insured under the express terms and conditions of the policy of insurance issued by PROGRESSIVE.

40. Plaintiff's underinsured motorist policy issued by PROGRESSIVE was in full force and effect at the time of the motor vehicle collision.

41. Under the subject insurance policy, PROGRESSIVE promised to pay underinsured motorist coverage claims up to the applicable underinsured motorist policy limit of $300,000.00 per person and $500,000.00 per incident.

42. PROGRESSIVE materially breached the insurance policy by intentionally and knowingly refusing to settle Plaintiff's underinsured motorist claim for policy limits.

43. The actions of Defendants, and each of them as described herein, constituted a breach of contract between Defendants and Plaintiff, and as a direct result thereof, Plaintiff has been damaged in a sum in excess of $15,000.00, the exact amount of which will be proven at trial..

44. The Defendants' refusal to pay Plaintiff's benefits due under the Policy was malicious, willful and intentional, and in fact, did cause injury to Plaintiff in excess of $15,000.00.

45. As a direct result of the actions of the Defendants and each of them, Plaintiff is entitled to an award of punitive damages.

46. Plaintiff has been required to retain counsel to protect his interests and therefore, Plaintiff is entitled to an award of reasonable attorney's fees and costs or suit.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

47. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 36 of Jurisdiction and paragraphs 37 through 46 of the First Cause of Action as though fully set forth herein and further alleges:

48. Plaintiff and Defendants, and each of them, were bound by a contractual relationship pursuant to the issued insurance policy.

49. There is a covenant implied in the insurance policy issued by PROGRESSIVE, whereby PROGRESSIVE will act in good faith and deal fairly with Plaintiff in relation to the provision of underinsured motorist coverage benefits up to the applicable underinsured motorist policy limit of $300,000.00 per person/$500,000.00 per incident.

50. The expressed and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in those implied promises, obligated Defendants, and each of them, to act in good faith toward and to deal fairly with Plaintiff.

51. PROGRESSIVE has a special relationship with Plaintiff as the insured. The special relationship between PROGRESSIVE and Plaintiff is akin to a fiduciary relationship.



52. The nature of the fiduciary-like relationship between PROGRESSIVE and Plaintiff required PROGRESSIVE to adequately protect Plaintiff's interests, especially in light of the fact that PROGRESSIVE was the insurer for both the third-party tortfeasor and Plaintiff.

53. At all material times hereto, PROGRESSIVE had a duty to give equal consideration to Plaintiff's interests.

54. PROGRESSIVE had numerous opportunities to settle Plaintiff's underinsured motorist claim within the applicable underinsured motorist policy limits.

55. Defendants willful refusal to perform the tasks it contractually agreed to was in bad faith, and therefore, was in violation of Defendants, and each of them, legal duty to deal fairly with Plaintiff.

56. PROGRESSIVE knowingly failed to take reasonable steps to ensure a fair evaluation of the value of Plaintiff's underinsured motorist claims.

57. As a result of Defendant's wrongful conduct, PROGRESSIVE knowingly failed to fairly and objectively investigate, evaluate, pay, or reasonably settle Plaintiff's underinsured motorist claims, through its agents, and acted unreasonably in failing to settle Plaintiff's underinsured motorist claim.

58. As a result of Defendant's wrongful conduct, PROGRESSIVE knowingly failed to initiate a reasonable investigation and evaluation, and knowingly failed to communicate timely and meaningfully with Plaintiff regarding the facts and bases relied upon to determine the value of Plaintiff's underinsured motorist claim.

59. PROGRESSIVE knowingly failed to protect Plaintiff's interests by not reasonably settling Plaintiff's underinsured motorist claim within the applicable underinsured motorist policy limits.

60. Though the value of Plaintiff's claim exceeded the available $300,000.00 underinsured motorist policy limits, PROGRESSIVE knowingly refused to tender its policy limits without a reasonable factual basis to do so relying instead upon an outcome it predetermined in October 2021 based upon a review of its internal historical claims records.

61. PROGRESSIVE failed to respond to the two-week extension given to Plaintiff's' 30-day time limit demand for Plaintiffs' underinsured policy limits letter for over 11 months.



62. PROGRESSIVE's untimely and sole counteroffer to settle Plaintiff's underinsured motorist claim was below its policy limits, and below Plaintiff's past and future medical expenses.

63. PROGRESSIVE knowingly withheld compensation from Plaintiff that he was entitled to under the applicable underinsured motorist policy without a reasonable basis to do so and based upon a predetermined outcome it made in October 2021 after reviewing its internal historical claim records and locating prior claims or incidents occurring 11, 8 and 4 years prior.

64. In conducting PROGRESSIVE's biased, inadequate, and unfair investigation and evaluation of Plaintiff's underinsured motorist claim, PROGRESSIVE failed to give equal consideration to Plaintiff's interests, in violation of the fiduciary-like duties it owes to Plaintiff under the subject insurance policy.

65. The actions of Defendants, and each of them, as described herein, constitute a breach of the implied covenant of good faith and fair dealing with Plaintiff, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.00.

66. Plaintiff has been required to retain counsel to protect his interests and therefore, Plaintiff is entitled to an award of reasonable attorney fees and costs of suit.

### THIRD CAUSE OF ACTION
**(Violation of Nevada Trade Practices Act NRS 686A.310, NAC 686A, et seq.)**

67. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 36 of the Jurisdiction, paragraphs 37 through 46 of the First Cause of Action, and paragraphs 47 through 66 of the Second Cause of Action as though fully set forth herein and further alleges:

68. PROGRESSIVE is engaged in the business of insurance in the State of Nevada and Plaintiff's underinsured motorist policy was issued and delivered in the State of Nevada.

69. PROGRESSIVE knowingly failed to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim in which the liability of the insurer has become reasonably clear by not requesting Plaintiff submit to medical examinations, and not taking any other actions to ensure that a fair, objective, and reasonable investigation and evaluation Plaintiff's underinsured claim took place.

70. Based upon information and belief, PROGRESSIVE knowingly effectuated a biased, inadequate, and unfair investigation regarding the value of Plaintiff's underinsured motorist claim in which it placed its own interests above those of Plaintiff.

71.     PROGRESSIVE failed to adopt and implement reasonable standards for the prompt, fair, and objective investigation and evaluation of Plaintiff's underinsured motorist claim in violation of NRS 686A.310(c).

72.     Defendant, and each of them, failed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements had been completed and submitted by the insured, as prohibited by NRS § 686A.310(1)(d).

73. Defendants, and each of them, failed to effectuate a prompt, fair and equitable settlement of claims in which its liability had become reasonably clear, as prohibited by NRS § 686A.310(1)(e).

74. Defendants, and each of them, compelled Plaintiff to institute litigation to recover amounts due under the insurance policy, as prohibited by NRS 686A.310(f).

75. Defendants, and each of them, attempted to settle the claim for less than the amount to which a reasonable person would have believed Plaintiff was entitled by reference to written or printed advertising material accompanying or made part of an application, in violation of NRS § 686A.310(1)(g).

76. Plaintiff is informed and believes, and thereupon alleges, that PROGRESSIVE breached the duty of good faith and fair dealing owed to an insured by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will seek leave of the Court to amend this Complaint at such time when he discovers the other acts or omissions of PROGRESSIVE constituting the breach.

77. PROGRESSIVE intentionally, with malice, oppression, and fraud, failed to conduct a fair, objective, and reasonable investigation and evaluation of Plaintiff's underinsured motorist claim.

78. PROGRESSIVE intentionally, with malice, oppression, and fraud, refused to give equal consideration to Plaintiff's interests by taking affirmative actions to gather facts necessary to conduct a fair, objective, and reasonable investigation and evaluation of Plaintiff's underinsured motorist coverage claim.

79. PROGRESSIVE intentionally, with malice, oppression, and fraud, failed to settle Plaintiff's underinsured motorist coverage claim within the applicable underinsured policy limits without a reasonable factual basis.

80. PROGRESSIVE intentionally and willfully, with malice, oppression, and fraud, placed its


RICHARD HARRIS LAW FIRM

1  own interests above Plaintiff's interests by intentionally refusing to settle Plaintiff's underinsured
2  motorist coverage claim within policy limits resulting from its failure to conduct a fair, objective, and
3  reasonable investigation and evaluation of Plaintiff's underinsured motorist coverage claim.
4      81. The actions of Defendants, and each of them, as described herein, constitute violation of
5  law at Plaintiff's expense, and as a direct and proximate result thereof, Plaintiff has been damaged in
6  a sum in excess of $15,000.00.
7      82. Plaintiff has been required to retain counsel to protect his interests and therefore, Plaintiff
8  is entitled to an award of reasonable attorney fees and costs of suit.



**WHEREFORE**, PLAINTIFF, expressly reserves the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the DEFENDANTS, and each of them, as follows:

1. For special damages sustained by Plaintiff in an amount in excess of $15,000.00,
2. For general damages sustained by Plaintiff in an amount in excess of $15,000.00,
3. For punitive damages,
4. For reasonable attorney's fees and costs,
5. Interest at the statutory rate., and
6. For such other and further relief as the Court deems just and proper.

DATED this 11th day of October, 2023.

**RICHARD HARRIS LAW FIRM**

/s/ Clark Seegmiller
CLARK SEEGMILLER, ESQ.
Nevada Bar No. 3873
500 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*